Manly, J.
 

 We are of opinion the exception to the commissioners report, in respect to the note of $731.50, ought to have been sustained. The facts appear to be that, at December
 
 *440
 
 Term of Craven County Court, 1856, a general administration of the estate of Isham Jackson was granted to the defendant. A short time after and before the next court, it was ascertained that the supposed intestate had left a will. The will, from unavoidable causes, was not proved, until December, 1857, administration having been, in the mean time, suspended. The executor renounced, and administration,
 
 with the will wvixexed,
 
 was then granted to the defendant, and thereafter he proceeded to administer the estate with proper diligence. The question raised by the exception is, whether a failure on the part of the defendant to proceed in the administration after he was informed of the existence of the will, whereby the note of»$731,50 was lost, was official negligence, making the defendant responsible for it.
 

 The contingency upon which the proper court, in our State, is authorised to grant general administration of an estate is, when no appointment or disposition of his estate has been made by the deceased himself. It is intestacy that gives power to the Court. Hence, we find it well settled, that such letters, improvidently granted upon an assumed intestacy, (which assumption turns out to be incorrect) is void; 1 Williams’ Ex’rs. 367.
 

 It is true, that the granting of general letters is a judicial decision that there is a case of intestacy, and it might not be possible for one, by any competent evidence, to resist the effect of this conclusion, until there shall be an-express repeal of the letters, or until there shall be an implied abrogation by an opposite judicial sentence; yet, it is equally true, that upon a judicial ascertainment that it is a case of testacy, and not of intestacy, the letters and acts of the administrator become null and void;
 
 Mitchell
 
 v.
 
 Adams,
 
 1 Ire. Rep. 302;
 
 Slade
 
 v.
 
 Washburn,
 
 3 Ire. Rep. 562.
 

 In view of this, it would be unreasonable to require of an officer to proceed in an administration with certain defeats and penalties before him. He is surely at liberty to anticipate. events, and to act upon the conceded fact, that there is a will, and upon the further reasonable and proper expectation,
 
 *441
 
 that it will not be -suppressed, bnt brought forward in due time. The fact of the actual probate of the will, and the consequent repeal of his letters, justifies the previous suspension of his duties.
 

 Our conclusion, then, is, that when general letters are granted in ignorance of the existence of a will, but of the existence of which the administrator has information a few weeks after the grant, and when, in point of fact, the will is subsequently produced and proved, the loss of a debt by the omission of the administrator to act under his letters in the interval between the granting of them and the probate of the will, is not negligence so as to subject him to its payment. The exception should be sustained, the account reformed in this respect, and a decree for the balance.
 

 Pee Curiam,
 

 Judgment reversed.